**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**SOUTHERN DIVISION**
**AT LONDON**

**CIVIL ACTION NO. 21-46-DLB**

**MONTY KIM TURNER**                                                                    **PLAINTIFF**


**v.**                                      <u>**MEMORANDUM OPINION AND ORDER**</u>


**KILOLO KIJAKAZI, Acting Commissioner**
**of the Social Security Administration**                                    **DEFENDANT**

* *   * *   * *   * *   * *   * *   * *   * *

    This matter is before the Court on pro se Plaintiff Monty Kim Turner's Motion for Summary Judgment, (Doc. # 28), pursuant to 42 U.S.C. § 405(g), which allows Plaintiff to obtain judicial review of an administrative decision by the Commissioner of Social Security.   Defendant Kilolo Kijakazi, Acting Commissioner of the Social Security Administration ("SSA"), filed a Cross Motion for Summary Judgment.   (Doc. # 32). Thereafter, Plaintiff Turner filed a Response opposing the Commissioner's Motion for Summary Judgment (Doc. # 34) and a Motion for Release of Medical Records (Doc. # 35).  The Court, having reviewed the administrative record and the parties' motions, and for the reasons set forth herein, **affirms** the Commissioner's decision.

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

    On October 5, 2017, Monty Kim Turner filed an application for Disability Insurance Benefits under Title II and Title XVIII of the Social Security Act, alleging disability as of July 17, 2016.  (Tr. 174-175).  Turner was fifty-three years old at the onset of the alleged disability that rendered him unable to work.  (Tr. 174).  Turner's application was denied

initially on March 16, 2018 (Tr. 84), and again upon reconsideration on January 15, 2019

(Tr. 101).  At Turner's request (Tr. 121-122), an administrative hearing was conducted,

(Tr. 44-70), and on January 10, 2020, Administrative Law Judge ("ALJ") Lisa R. Hall found

that Turner was not disabled under the Social Security Act and, therefore, not entitled to

benefits.  (Tr. 28-43).  The decision became the final decision of the Commissioner on

December 7, 2020 when the Appeals Council denied Turner's request for review.  (Tr. 4-

9).

## II.   DISCUSSION

### A.   Standard of Review

Judicial review of the Commissioner's decision is restricted to determining whether

it is supported by substantial evidence and was made pursuant to proper legal standards.

*See Colvin v. Barnhart*, 475 F.3d 727, 729-30 (6th Cir. 2007) (citing *Walters v. Comm'r of

Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997)).  "Substantial evidence" is defined as "more

than a scintilla of evidence but less than a preponderance; it is such relevant evidence as

a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of

Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citing *Kirk v. Sec'y of Health &

Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981))*.*  Courts are not to conduct a de novo

review, resolve conflicts in the evidence, or make credibility determinations.  *Id.* (citing

*Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *Garner

v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984)).  Rather, the Court must affirm the

Commissioner's decision as long as it is supported by substantial evidence, even if the

Court might have decided the case differently.  *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388,

389-90 (6th Cir. 1999) (citing *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)).  In

other words, if supported by substantial evidence, the Commissioner's findings must be affirmed even if there is evidence favoring Plaintiff's side.  *Id.*; *see also Listenbee v. Sec'y of Health & Human Servs.*, 846 F.2d 345, 349 (6th Cir. 1988).  In determining whether the Commissioner's conclusion is supported by substantial evidence, courts "must examine the administrative record as a whole."  *Cutlip*, 25 F.3d at 286.

### B.    The ALJ's Determination

To determine disability, an ALJ conducts a five-step analysis.  *Walters*, 127 F.3d at 529.   Under Step One, the ALJ considers whether the claimant is engaged in substantial gainful activity; Step Two, whether any of the claimant's impairments, alone or in combination, are "severe"; Step Three, whether the impairments meet or equal a listing in the Listing of Impairments; Step Four, whether the claimant can still perform his past relevant work; and Step Five, whether a significant number of other jobs exist in the national economy that the claimant can perform.  *See id.* (citing 20 C.F.R. § 404.1520). The burden of proof rests with the claimant for Steps One through Four.  *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003) (citing *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987)).  At Step Five, the burden of proof "shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity."  *Id.* (citing *Bowen*, 482 U.S. at 146 n.5).

Here, at Step One, the ALJ found that Turner had not engaged in substantial gainful activity since October 4, 2017.  (Tr. 33).  At Step Two, the ALJ determined that Turner had the following severe impairments: anxiety and depression.  (*Id.*).  Additionally, the ALJ determined that Turner had non-severe degenerative disc disease and cardiac issues.  (*Id.*).  At Step Three, the ALJ determined that Turner did not have any impairment

or combination of impairments that meet or medically equal the severity of any of the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1.  (Tr. 34).

The ALJ then determined that Turner possessed the residual functional capacity ("RFC") to perform "a full range of work at all exertional levels," with the following non-exertional limitations:

> [T]he claimant [may] occasionally interact with co-workers and supervisors. He cannot maintain sustained interaction with the general public.  The claimant should not work in a fast paced or production based work environment but can do entry level or goal oriented work.

(Tr. 35).  The ALJ concluded at Step Four that Turner has no past relevant work.  (Tr. 37-38).

At Step Five, the ALJ concluded that due to Turner's age, education, work experience, and RFC, there are a significant number of jobs in the national economy that he can perform.  (Tr. 38).  Based on the opinion of a Vocational Expert ("VE"), the ALJ more specifically determined that Turner could perform a number of occupations, such as packer, industrial cleaner, and laundry worker.  (Tr. 38).  Accordingly, the ALJ concluded that Plaintiff was not disabled as defined by the Social Security Act at any time from October 4, 2017, through the date of the ALJ's decision.  (*Id.*).

### C.    Analysis

In Turner's Memorandum in Support of her Motion for Summary Judgment, he makes two arguments—that the ALJ's decision was not supported by substantial evidence in the record because: (1) the ALJ failed to expand the record, where there were obvious gaps in the record, and (2) the ALJ erred in determining Plaintiff's RFC based on raw medical data, instead of an opinion by a medical professional.  (Doc. # 28 at 1).  Each of these arguments will be discussed in turn.

### 1.    Expansion of the Record

First, Turner argues that the ALJ failed to expand the record, which resulted in a flawed decision.  (*Id.*).  ALJs are required to "consider all evidence available in such individual's case record, and shall develop a complete medical history of at least the preceding twelve months for any case in which a determination is made that the individual is not under a disability."  42 U.S.C. § 423(d)(5)(B).  In order to develop a full and fair record, the ALJ "must 'scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts.'"  *Lashley v. Sec'y of Health & Hum. Servs.*, 708 F.2d 1048, 1052 (6th Cir. 1983) (quoting *Gold v. Sec. of Health, Ed., & Welfare*, 463 F.2d 38, 43 (2d Cir. 1972)).  Still, "[t]he claimant bears the ultimate burden to prove by sufficient evidence that []he is entitled to disability benefits."  *Nabours v. Comm'r of Soc. Sec.*, 50 Fed. App'x 272, 275 (6th Cir. 2002).[1]

In reviewing the administrative record, it is clear that the ALJ properly developed the record.  *See Perschka v. Comm'r of Soc. Sec.*, 411 Fed. App'x 781, 788 (6th Cir. 2010) (finding that an ALJ "fully and fairly" developed the administrative record when the ALJ "held a hearing, reviewed several hundred pages of medical records, and solicited VE testimony."). During Turner's hearing with the ALJ, Gregory Smith represented Plaintiff, who testified by telephone to the ALJ.  (Tr. 44-46, 53-62).  Smith and the ALJ examined Plaintiff, who testified about the extent of his medical conditions.  (Tr. 53-62). The ALJ also questioned the vocational expert as to what jobs Turner could perform in the national economy.  (Tr. 63-68).  Further, the ALJ's opinion makes clear that the ALJ

---

[1]    Typically, developing the record is analyzed in the context of the administrative hearing in front of the ALJ.  There, when Plaintiff is without counsel, "[the] ALJ ha[s] a special, heightened duty to develop the record."  *Nabours*, 50 Fed. App'x at 275.  Here however, Plaintiff was represented by counsel at the administrative hearing.  (Tr. 44-46).

thoroughly examined the medical evidence in the administrative record in determining Plaintiff's impairments and RFC. (Tr. 33-37). In discussing Turner's RFC, the ALJ acknowledges that Turner has been diagnosed with anxiety and depression, but the medical records do not support the degree to which Plaintiff claims to be limited. (Tr. 36). For example, the ALJ points out that various treatment notes assert that Plaintiff's mental status was all within normal limits, and Plaintiff demonstrated normal mood and affect. (Tr. 37).

However, Plaintiff argues that the ALJ had a further duty to expand the record to include records that did not yet exist at the time of the ALJ's decision regarding Plaintiff's back pain. (Doc. # 28 at 3-4). Turner asserts that he was "scheduled for (3) separate appointments at Liberty Medical Assessment, but Turner failed to make any of the appointments, as a result of Turner's inability to keep the scheduled appointments a decision was made on the record, 'as it stood,' without the necessary records to show Turner's conditions to be disabling." (*Id.* at 3). This argument borders on incredulous. The ALJ cannot be required to make a decision based on records that do not yet exist. This is especially true in Turner's case, where his asserted disability began on July 17, 2016 (Tr. 174-175) and his claim was not denied at the initial level until March 16, 2018 (Tr. 84). Turner cannot depend on new records, that he did not produce, in order to bolster his social security claim retroactively. The Social Security Regulations require that Turner has the responsibility to prove to the SSA that he is in fact disabled. 20 C.F.R. § 404.1512(a)(1). "This duty is ongoing and requires you to disclose any additional related evidence about which you become aware . . . [the SSA] will consider only impairment(s) you say you have or about which we receive evidence." *Id.* Ultimately,

"[t]he claimant bears the burden of supplying adequate records and evidence to support [his] claim and the ALJ's failure to discuss a disability determination that was not provided will not result in reversal or remand." *Angel v. Colvin*, No. 5:13-CV-251, 2014 WL 2218572, at *5 (E.D. Ky. May 29, 2014).

Further, while "[f]ailure to develop the record constitutes grounds for reversal of the ALJ's decision . . . Generally, the 'ALJ has discretion to determine whether further evidence, such as additional testing or expert testimony, is necessary.'" *Ward v. Comm'r of Soc. Sec.*, 198 F. Supp. 3d 825, 830 (S.D. Ohio 2016) (quoting *Foster v. Halter*, 279 F.3d 348, 355 (6th Cir. 2001)).  Reversal is only warranted "when the record is inadequate to assess the claimant's RFC." *Id.* (quoting *Johnston v. Comm'r of Soc. Sec.*, No. 1:10-CV-444, 2012 WL 1030462, at *6 (S.D. Ohio Mar. 27, 2012)).

In reviewing the medical documents in the record, the Court finds that the ALJ was provided with a record sufficient to adequately assess Turner's RFC.  The record contains over five hundred pages of records, hundreds of pages of treatment notes and doctor's visits, and Turner's physical and mental evaluation performed in conjunction with the filing of his social security claim.  (*See* Tr. 321-329).  Turner's physical and mental evaluation performed in February of 2018 in conjunction with the filing of his social security claim constitute the most up-to-date information on his mental and physical health.  (*Id.*).  The voluminous medical records, including recent medical information, gave the ALJ sufficient basis to reasonably assess Turner's RFC without further developing the record.  Therefore, Turner's first argument is without merit.

### 2. Raw Medical Data

Next, Turner argues that the ALJ erred in determining Plaintiff's RFC based on raw medical data, instead of an opinion by a medical professional. (Doc. # 28 at 1). Once again, Turner finds issue with the ALJ's determination that his back issues are non-severe. (*Id.* at 9). Specifically, Turner believes that the ALJ depended on "raw medical data" in determining Turner's RFC, therefore improperly making her own medical findings instead of depending on the findings of a doctor. (*Id.* at 12-14).

Plaintiff misunderstands the ALJ's role in determining his RFC. "The Social Security Act instructs that the ALJ—not a physician—ultimately determines a claimant's RFC." *Coldiron v. Comm'r of Soc. Sec.*, 391 Fed. App'x 435, 439 (6th Cir. 2010). The ALJ is responsible for "evaluating the medical evidence and the claimant's testimony to form an assessment of [the claimant's] residual functional capacity." *Webb v. Comm'r of Soc. Sec.*, 368 F.3d 629, 633 (6th Cir. 2004) (citing 20 C.F.R. § 416.920(a)(4)(iv)). Plaintiff is correct that courts have "cautioned ALJs against relying on their own expertise in drawing RFC conclusions from raw medical data." *Nunez v. Comm'r of Soc. Sec.*, No. 1:11-CV-2285, 2012 WL 3112388, at *8 (N.D. Ohio July 12, 2012). However, in reviewing the ALJ's decision, it is clear that the ALJ did not solely rely on raw medical data, and correctly took into account opinions of medical experts in determining Plaintiff's RFC.

In determining that Plaintiff's back issues were non-severe, the ALJ referenced medical records which support the ALJ's finding that his back issues were mild. (Tr. 33). For example, the ALJ referenced treatment notes from an Advanced Registered Nurse Practitioner, Carol Cornett, who observed that Turner's back was normal, and he was able to do "usual activities" and had "good exercise tolerance" and "good general state of

health." (Tr. 282-283). This report came after Turner had complained about back pain. (Tr. 286). The ALJ further references records from Baptist Health created by a Physician, Thomas G. Russell, in which Russell notes that Turner came in complaining of chest pain, which radiated through his back. (Tr. 439). Russell further notes that Turner's pain is "mostly mild . . . but today the pain was more severe[]." (*Id.*). However, this report seems to revolve around chest pain, as Russell notes that Turner's symptoms were "negative for back pain" and Turner still had "normal range of motion." (Tr. 440-441). The ALJ then turns to an evaluation of a cervical spine exam by Radiologist James Vanhoose, in which Vanhoose opines that Turner has only "mild multilevel degenerative disc disease." (Tr. 597).

In reviewing the medical documents in the record, the Court finds that there is substantial evidence supporting the ALJ's decision. As discussed above, the ALJ performed a thorough review of the medical record before determining Turner's RFC. The ALJ correctly evaluated treatment notes and information from medical sources instead of relying solely on raw medical data when developing Turner's RFC. While Turner disagrees with this conclusion and alleges that the ALJ ignored certain medical sources (Doc. # 34 at 2-3),[2] the ALJ's in-depth review is fatal to Turner's argument because this Court "does not reconsider facts, re-weigh the evidence, resolve conflicts in evidence, decide questions of credibility, or substitute its judgment for that of the ALJ."

---

[2]     It appears that Turner is also referencing the ALJ's decision to find Frances McNeal, Ph.D., Jack Reed, M.D., Paul Ebben, Psy.D, and Holly Mussell, M.D.'s reports to be unpersuasive. (Tr. 37). However, this decision by the ALJ was only in reference to their reports regarding Turner's mental health treatment. (*Id.*). The ALJ did determine that Dustin Porter, M.D.'s report as to Turner's back pain was unpersuasive because it "rel[ied] on the claimant's subjective reports" and was "not consistent with the record" as "claimant's back issues are noted to be mild in nature," which complies with the analysis required by 20 C.F.R. § 404.1520c. (*Id.*).

*Reynolds v. Comm'r of Soc. Sec.*, 424 Fed. App'x 411, 414 (6th Cir. 2011).  Accordingly, the Court finds that the ALJ pointed to substantial evidence in the record to support her determination that Plaintiff's back pain was not severe and did not solely rely on raw medical data to bolster her conclusion.

## III.   MOTION FOR RELEASE OF MEDICAL RECORDS

Subsequent to the briefing on Plaintiff and the Commissioner's Motions for Summary Judgment, Plaintiff filed a Motion for Release of Medical Records.  (Doc. # 35).  In the Motion, Turner requests that the Court "order to release medical records that are imp[e]rative . . . to resolv[ing] Turner's claim with the Social Security Administration." (*Id.* at 1).  As the Court has found that the ALJ was not required to further expand the administrative record, this Motion is likewise denied.

## IV.   CONCLUSION

Accordingly, for the reasons stated herein, **IT IS ORDERED** as follows:

(1)    The decision of the Commissioner is supported by substantial evidence and is hereby **AFFIRMED**;

(2)    Plaintiff's Motion for Summary Judgment (Doc. # 28) is hereby **DENIED**;

(3)    The Commissioner's Motion for Summary Judgment (Doc. # 32) is hereby **GRANTED**;

(4)    Plaintiff's Motion for Release of Medical Records (Doc. # 35) is hereby **DENIED**;

(5)    This civil action is hereby **DISMISSED** and **STRICKEN** from the Court's active docket; and

(6)    A Judgment in favor of Defendant Commissioner will be entered contemporaneously herewith.

This 10th day of June, 2022.



Signed By:

**_David L. Bunning_**

**United States District Judge**

M:\DATA\SocialSecurity\MOOs\London\21-46 Turner MOO.docx

11